**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Greg Hunter, | ) | Cr. No. 5:10-00665-MBS |
| | ) | |
| Movant, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Greg Hunter ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2010, a federal grand jury returned a seventeen count indictment against Movant and seven co-defendants. ECF No. 2. Movant was charged with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and 100 kilograms or more of marijuana (Count 1); and possession with intent to distribute a quantity of cocaine (Count 8). ECF No. 2. On October 17, 2010, the Government filed an Information pursuant to 21 U.S.C. § 851 to establish Movant's three prior South Carolina state convictions for distribution of crack cocaine, possession of cocaine, and possession with intent to distribute cocaine as three separate felony drug offenses. ECF No. 273. Movant did not file a response to the Information. On January 26, 2011, Movant entered a plea of guilty to the lesser included charge of Count 1 of the indictment–conspiracy to possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base–pursuant to a written plea agreement. *See* ECF Nos. 325-27.

Prior to sentencing, a presentence investigation report ("PSR") was prepared in which Movant's base offense level was calculated at 26. ECF No. 423 at 16. His total offense level was

1

calculated at 23 after the subtraction of three points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)-(b). ECF No. 423 at 16. With a total offense level of 23 and a criminal history category of IV, Movant's Sentencing Guidelines range was calculated at 70 to 87 months imprisonment. ECF No. 423-2 at 1. However, Movant was subject to a statutory minimum term of imprisonment of 120 months. ECF No. 423-2 at 1. Movant's attorney did not submit objections to the PSR. *See* ECF No. 423-1. The court held a sentencing hearing on July 13, 2011. ECF No. 448. The court sentenced Movant to the Bureau of Prisons for 120-months, or ten years. ECF No. 449. Movant did not file an appeal.

On November 16, 2012, the court enter an order noting that Movant may be entitled to resentencing pursuant to *Dorsey v. United States*, 132 S. Ct. 2321 (2012). ECF No. 566. Subsequently, on December 7, 2012, the court appointed a federal public defender to represent Movant and pursue any possible relief pursuant to *Dorsey*. ECF No. 569. The record does not reveal that Movant sought any relief with the assistance of the public defender.

Movant's § 2255 motion was docketed on June 28, 2013. ECF No. 593. That same day, this court issued an order directing the Government to file a response to Movant's §2255 motion. ECF No. 594. On July 30, 2013, the Government filed a response in opposition to Movant's §2255 motion. ECF No. 597. The Government also filed a motion for summary judgment. ECF No. 598. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on July 30, 2013, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 599. The court granted Movant an extension to file a reply to the Government's motion. ECF No. 605. Movant subsequently filed a reply to the Government's response on October 11, 2013. ECF No. 608.

## II. LEGAL STANDARDS

### A. Summary Judgment

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

### B. Motions to Vacate Generally

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. Rules Governing Section 2255 Proceedings

4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief).

Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994)). However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the [movant] could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

### III. DISCUSSION

*1. Timeliness of Motion*

Movant asserts that his motion to vacate is timely pursuant to 28 U.S.C. § 2255(f)(3). On June 21, 2012, the Supreme Court of the United States issued a decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), holding that the "Fair Sentencing Act's new, lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders." *Id.* at 2335. Movant's motion to vacate was docketed on June 28, 2013. However, the motion was signed and placed in the prison mailing system on June 17, 2013. ECF No. 593 at 22. The Government does not contest the timeliness of the motion.

A defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by governmental

4

action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, this court issued its judgment in this case on July 13, 2011. ECF No. 449. Following the entry of judgment, Movant had 14 days to file an appeal with the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 4(b)(1). The statute of limitations began to run when the time expired for filing an appeal with the Fourth Circuit contesting Movant's convictions and sentence. Movant did not file an appeal. As a result, the judgment in this case became final in July of 2011. Movant's June 28, 2013, filing was not within one year of the date on which his judgment of conviction became final. Therefore, his motion to vacate is not timely under § 2255(f)(1).

However, Movant is able to demonstrate that there is a Supreme Court decision recognizing a new right that renders his motion timely. *See* 28 U.S.C. § 2255(f)(3). Movant has cited to *Dorsey* as a Supreme Court decision which renders his motion timely. *Dorsey* made the Fair Sentencing Act's mandatory minimums retroactively applicable to crack cocaine offenders who committed offenses prior to the enactment of the Fair Sentencing Act, but were sentenced after August 3, 2010. *Dorsey*, 132 S. Ct. at 2326. Although Movant was indicted prior to the enactment of the Fair Sentencing Act, he was sentenced in 2011. As a result, Movant is in the class of offenders to whom

*Dorsey* might possibly provide relief.  Movant's filing of June 17, 2013, was made within one year of *Dorsey*, which renders this motion to vacate timely.

*2. Motion to Vacate*

Movant raises the following four grounds for relief in his § 2255 motion:

> **Ground one**: Movant's sentence was imposed in violation of the law of the United States, was not authorized by law, or is otherwise subject to collateral attack.
> **Ground two**: Movant's sentence was imposed in violation of his due process right to be punished as authorized by Congress.
> **Ground three**: Ineffective assistance of counsel at sentencing for failure to argue that the Fair Sentencing Act's new mandatory minimums applied to Movant's case.
> **Ground four**: Ineffective assistance of counsel for failure to file an appeal.

Movant's allegations of error are all based on the premise that the Fair Sentencing Act of 2010 should be applied to his sentence.  The Government contends that the Act is inapplicable here.

**Grounds One and Two: Movant's Imposed Sentence was Unlawful and Violated Due Process**

In his first two grounds, Movant asserts that because the court imposed a sentence without applying the new mandatory minimums for cocaine base, his sentence was imposed in violation of the law and his due process rights.  Movant contends that because he entered a plea of guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base without limiting his admission of guilt to either drug, he should only be held accountable for "the least punishable offense, which is cocaine base."  ECF No. 593 at 7.  The Government contends that his guilty plea could have been supported by an admission to cocaine or cocaine base, but Movant's agreement clearly states that he "expressly agreed that he conspired to distribute both cocaine *and* cocaine base."  ECF No. 597 at 3 (emphasis in original).  The

Government also notes that the PSR held Movant accountable for over 1,000 grams of cocaine powder and no cocaine base.

Movant relies on *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011), to support his contention that he should be held accountable only for the least punishable offense since he was charged in the conjunctive without limiting his admission of guilt. In *Vann*, the Fourth Circuit analyzed whether a defendant's three prior convictions under a North Carolina indecent liberties statute were considered violent felonies under the Armed Career Criminal Act ("ACCA"). *Id.* at 773. The court assumed, without deciding, that a violation of subsection (a)(2) of the statute qualified as a violent felony for ACCA purposes. *Id.* at 774. The defendant had been charged conjunctively with violating both sections (a)(1) and (a)(2) of the statute, and entered a guilty plea as charged. The Fourth Circuit employed the modified categorical approach and determined that there was not enough documentation to support a finding that the defendant violated subsection (a)(2) of the statute. *Id.* at 775-76. The court also noted that "if Vann had gone to trial in the underlying cases, any resulting conviction could only be used as an ACCA predicate conviction if the jury had returned a special verdict (or answered an interrogatory) specifically finding him guilty of violating subsection (a)(2) of the Statute." *Id.* at 776.

Unlike in *Vann*, the discussion regarding the statement of facts at Movant's plea entry hearing clearly indicates that Movant's admission of guilt included 500 grams of cocaine powder. During his plea hearing, the Government read into the record a statement of facts that included a reference to statements by a co-defendant which would show that the co-defendant sold over 500 grams of cocaine powder and some quantity of cocaine base to Movant. *See* ECF No. 666 at 48:13-49:1. Movant's trial counsel objected to the statement of facts discussing Movant's accountability for cocaine base because DEA agents determined that all of Movant's controlled substance

7

quantities were related to powder cocaine, not cocaine base. *See id.* at 49:15-49:25. Movant's trial counsel went on to state: "we concede the 500 grams or more of cocaine powder. I don't think that the five grams of crack affects the ultimate sentencing parameters to any degree." *Id.* at 50:1-50:2. The Government agreed and noted that Movant's "sentence is driven by the 500 grams of cocaine, which provides for the mandatory minimum." *Id.* at 50:11-50:12. The Government also noted that even though Movant was charged conjunctively in a conspiracy that involved cocaine base and cocaine powder, the Government was not "necessarily saying that [Movant was] personally responsible for five grams of crack cocaine." *Id.* at 50:17-50:19. Trial counsel then agreed to the recitation of the facts. The court then asked Movant if he agreed with the recitation of the facts, and he responded affirmatively. *Id.* at 51. The court also asked Movant if he understood her questions, and he indicated that he did. *Id.* He also indicated that he did not have any further questions, and still wished to plead guilty. *Id.* Thus, a review of the record indicates that the entry of Movant's guilty plea, at the very least, included an admission of guilt to possession with intent to distribute over 500 grams of cocaine powder.

      Movant agreed to the statement of facts which included statements that Movant was supplied with over 500 grams of cocaine powder. His sworn statement agreeing to the statement of facts contradicts his current allegation that he did not admit the specific drug he sold during the conspiracy. "[A]llegations in a § 2255 motion that directly contradict the [movant's] sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Therefore, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that

8

contradict the sworn statements." *Id*. at 221-22. Movant's previous admission to the statement of facts indicates that Movant is not entitled to any presumption that he entered a plea of guilty only to the least punishable offense. Accordingly, Movant was properly sentenced to the mandatory minimum sentence for his possession of over 500 grams of cocaine powder. This court finds that grounds one and two are without merit.

**Ground Three–Ineffective Assistance of Counsel at Sentencing**

Movant contends that his counsel was ineffective at sentencing for failing to request application of lower cocaine base penalties under the Fair Sentencing Act. To prove ineffective assistance of counsel, a movant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on a claim of ineffective assistance of counsel, Movant must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Id.* at 687. This test applies not only to an attorney's performance at trial, but also to a claim that counsel was ineffective during the entry of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To demonstrate deficient performance, Movant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Id.* Competency is measured by what an objectively reasonable attorney would have done under the circumstances existing at the time of the representation. *Id.* at 687-88. To demonstrate actual prejudice, Movant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the

9

conviction if the error had no effect on the judgment. *Id.* Movant must show that but for counsel's errors, he would not have accepted the plea and "would have insisted on going to trial." *Hill*, 474 U.S. at 52. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

The Fair Sentencing Act of 2010 did not adjust the charged amounts of cocaine required for a defendant with a prior felony drug conviction to receive a ten year mandatory minimum sentence. The Fair Sentencing Act of 2010 only increased the charged amount of cocaine base required for a mandatory minimum sentence from 5 grams to 28 grams. Pursuant to 21 U.S.C. § 841(b)(1)(B)(ii), a defendant possessing 500 grams or more of cocaine faces a mandatory minimum sentence of five years imprisonment. If a defendant has a prior felony drug conviction the mandatory minimum sentence increases to ten years. In the PSR prepared prior to sentencing, Movant was held accountable for over 1,000 grams of cocaine powder. ECF No. 423 at 8. Movant was granted an adjustment for acceptance of responsibility because he agreed that at least 500 grams of powder cocaine were attributable to him. *Id.* at 9. Movant was not attributed any amount of cocaine base. Thus, the provisions of the Fair Sentencing Act of 2010 had no effect on Movant's sentence. Furthermore, Movant has three prior felony drug convictions as established by the Information filed by the Government. ECF No. 273. As a result, Movant faced a statutory mandatory minimum sentence of ten years imprisonment. The court imposed the statutory mandatory minimum sentence in Movant's case. Movant cannot demonstrate that he was prejudiced by his attorney's failure to reference the Fair Sentencing Act during his sentencing hearing. Movant has failed to demonstrate that his trial counsel was ineffective at sentencing. The court finds that Ground Three is meritless.

**Ground Four–Ineffective Assistance of Counsel for Failure to File an Appeal**

In Movant's final ground for relief, he claims that counsel provided ineffective assistance of counsel when counsel failed to file an appeal on his behalf. Movant asserts that based on the Fair Sentencing Act's new lower cocaine base penalties, reasonably competent counsel would have filed an appeal. Trial counsel's failure to file an appeal when requested constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. *United States v. Peak*, 992 F.2d 39, 41 (4th Cir. 1993). Even if defendant does not clearly instruct counsel to file an appeal, counsel is still required to consult with the defendant about the advantages and disadvantages of taking an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). In order to succeed on an ineffective assistance of counsel claim for failing to note an appeal, a movant must show "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. Movant does not allege that he instructed counsel to file an appeal.

Furthermore, Movant also fails to allege that counsel failed to consult with him about the appeal. Even if Movant did levy such an allegation, the record reveals that counsel consulted with Movant about the possibility of appeal. Trial counsel sent Movant a letter indicating that, in counsel's estimation, Movant received the lowest possible sentence. ECF No. 593 at 17. In the letter, trial counsel also informed Movant that he should contact counsel immediately if he wanted to file an appeal. *Id.* Trial counsel also indicated that he did not think Movant should file an appeal because he was sentenced at the bottom of the guideline range, and could receive an increase in sentence as a result of an appeal. *Id.* Thus, the record reveals that Movant's counsel provided guidance regarding the disadvantages of appeal as required by *Roe v. Flores-Ortega*.

Finally, Movant cannot demonstrate prejudice. Movant contends that he would have filed an appeal if counsel would have counseled him on the lower penalties pursuant to the Fair Sentencing Act. It is clear from the record, including Movant's admissions at his plea hearing and during interviews to prepare the PSR, that the Fair Sentencing Act would have provided no relief to Movant. Movant admitted to possessing over 500 grams of cocaine powder. The Fair Sentencing Act had no effect on penalties for cocaine powder amounts. Thus, counsel's failure to discuss the lower penalties pursuant to the Fair Sentencing Act with Movant did not prejudice Movant's ability to make an informed decision with regard to his appellate rights. Therefore, Movant has failed to demonstrate that his counsel was ineffective for failing to file an appeal. Accordingly, this court finds that Ground Four is without merit.

## IV. CONCLUSION

For these reasons, the Government's motion for summary judgment, ECF No. 598, is **GRANTED.** Movant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF No. 593, is **DENIED**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

    /s/ Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina  
August 26, 2015